AO 91 (Rev. 02/09) Criminal Complaint

U.S. DISTRICT COURT - N.D. OF N.Y.
F I L E D
JUN 11 2012
AT____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

United States of America )
v. )
Ronald M. Dalton ) Case No. 5:12-mj-287 (ATB)
)
)
Defendant )

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of 1/28/12, 2/2/12, 2/11/12 in the county of Onondaga in the Northern District of New York, the defendant violated 21 U.S.C. § 841(a)(1) and (b)(1)(B)(3 counts), an offense described as follows:
distribution of cocaine base (crack)

This criminal complaint is based on these facts:
Please see attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Robert C. Wiegand - Task Force Officer
Printed name and title

Sworn to before me and signed in my presence.

Date: 06/11/2012

_____
Judge's signature

City and state: Syracuse, New York

Hon. Andrew T. Baxter, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

*******************************************

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ARREST WARRANT AND A
CRIMINAL COMPLAINT FOR THE
FOLLOWING DEFENDANT:
RONALD M. DALTON.

************************************

AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST WARRANT

I. **INTRODUCTION**

I, Robert C. Wiegand, being duly sworn, depose and say:

1. 1. I am a Detective with the Syracuse Police Department. I have been a member of the Syracuse Police Department since 1994. I am currently assigned to the Special Investigations Division, a unit within the Syracuse Police Department that has as its primary responsibility the enforcement of the laws of the State of New York prohibiting the trafficking in controlled substances. I have been assigned to this unit since 1996. I am also currently assigned to Group D-54A of the Drug Enforcement Administration (hereinafter DEA). I have been sworn as a federal Task Force Officer (hereinafter TFO) and am deputized as a D.E.A. Agent. I was deputized as a federal agent in April 2010. I have submitted affidavits in the past in support of search warrants and applications for Orders authorizing the interception of wire communications. I have arrested numerous individuals for violations of New York Penal Law Article 220 and Title 21 United States Code. I have also participated in the execution of hundreds of search warrants for controlled substances in which controlled substances, narcotics proceeds and drug

paraphernalia have been seized. I have also participated in the execution of many eavesdropping warrants, the subject of which was the possession and sale of narcotics. I have interviewed and worked with many confidential and reliable informants, whose reliability and veracity has been verified through prior law enforcement investigations, and whose assistance has resulted in the controlled purchases of narcotics, controlled substances and marihuana and the introduction of undercover police officers to persons who engage in the sale of controlled substances. I have attended several schools and seminars, including those given by the Syracuse Police Department and the Drug Enforcement Administration which concern the enforcement of the laws prohibiting trafficking in narcotics and dangerous drugs, as well as the packaging and concealment of narcotics. As a result of my training and experience, I am familiar with the language, conduct and customs of people engaged in conspiracies to violate the narcotics laws of the State of New York and the United States. I have personally participated in the investigation of the offenses set forth below and as a result of my participation and my review of past and present reports made by other Special Agents and Task Force Officers of DEA, and other state and local law enforcement agencies, I am fully familiar with the facts and circumstances of this investigation.

2. I submit this affidavit:

    a. in support of a complaint charging the above-captioned defendant with three counts of distribution of cocaine base (crack cocaine), in violation of Title 21, United States Code, Sections 841(a)(1); and

    b. in support of an application for an arrest warrant for the defendant.

II. **BASIS OF INFORMATION**

The statements and facts contained in this affidavit are based upon my personal participation in this investigation, information provided by Special Agents and Task Force Officers of the DEA, on conversations held with detectives and officers from various police agencies in Central New York, and on information provided by confidential informants and/or cooperating witnesses, physical surveillance, my experience and training as a Task Force Officer of the DEA, and the experience and training of other agents/officers involved in this investigation. Since this affidavit is being submitted for the limited purpose of supporting a complaint and arrest warrants, as described above, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the requisite foundation to support the requested complaint and arrest warrants.

III. **FACTUAL BASIS IN SUPPORT OF COMPLAINT AND ARREST WARRANT**

A. Case Background

In January of this year (2012) the DEA Syracuse Resident Office, Syracuse, New York (DEA SRO), began investigating the drug trafficking activities of RONALD M. DALTON. This investigation was predicated on information received from one or more confidential informants (CI's) who stated that DALTON had been selling significant quantities of crack cocaine to them and others in the Central New York area. In particular, one of these confidential informants (hereafter CI #1) had been dealing with DALTON for some time, and had made numerous purchases of crack from him in the past. CI #1's information has always been reliable. From the winter of 2012 until the spring of 2012, in cooperation with and at the direction of law

3

enforcement, CI #1 made a number of controlled purchases of cocaine base (hereafter crack) from DALTON, as further detailed below:

**a. First Controlled Cocaine Purchase by CI#1 from Ronald Dalton**

On January 28, 2012, Drug Enforcement Administration Task Force Officer (TFO) Craig Norris met with CI#1 for the purpose of conducting a controlled purchase of "crack" cocaine from Ronald M. Dalton. CI#1, in the presence of TFO Norris, called (315) 491-7681, a phone number listed as "Ron" in CI #1's phone contacts and a number CI #1 has advised is that of Ronald Dalton. TFO Norris then heard a male voice answer the phone and CI#1 asked the male, "What's going on?" TFO Norris then overheard the male voice reply "I'll call you back in a minute", and the conversation ended. CI#1 advised TFO Norris after the conversation that the male voice TFO Norris overheard was in fact Ronald Dalton. At approximately 12:00 pm, CI#1 then contacted Dalton on (315) 491-7681, in the presence of TFO Norris, via text message and stated in coded and guarded language that CI#1 wanted to meet with Dalton for the purpose of purchasing "crack" cocaine. TFO Norris then observed CI#1 receive a reply text message from Ronald Dalton (also listed as "Ron" in CI#1's contact list) which CI#1 believed from many prior drug transactions with Dalton, that Dalton would be able to conduct this "crack" cocaine transaction. As standard procedure, TFO Norris then searched CI#1 with negative results for any illegal contraband and/or money, and CI#1 drove directly to the meet location. CI#1 advised TFO Norris that he had previously paid Ronald Dalton for this transaction, and, therefore, CI#1 was not issued any U.S. currency for this transaction. CI#1 was kept under continuous surveillance as CI#1 drove directly to the pre-arranged meet location with Dalton. At approximately 8:08 pm, TFO's Jeremy Young and Fred Mosher observed a vehicle bearing New

York registration FPD6126, registered to Jovana S. Thornton, 109 Oak Drive, North Syracuse, NY, arrive and park at the pre-arranged meet location with CI#1. A white male, identified by TFO Dalton (and, subsequently, by CI #1 as well) as Ronald M. Dalton, exited the vehicle, and entered the pre-arranged meet location. At approximately 8:14 pm, TFO's Jeremy Young and Fred Mosher observed Dalton exit the pre-arranged meet location with CI#1, enter NY reg. FPD6126, and leave the area. Based on the information received from CI#1 that Dalton is very sensitive for the presence of law enforcement, Dalton was not followed and surveillance was terminated. At approximately 8:25 pm, TFO Norris met with the CI#1 and took custody of a clear plastic knotted sandwich bag containing a beige chunky substance that CI#1 advised Dalton had given him. TFO Craig Norris field tested the beige chunky substance utilizing a NIK swab field test kit with positive results for the presence of cocaine. TFO Norris obtained an aggregate weight of 55.2 grams, and turned the beige chunky substance into the DEA Syracuse Resident Office Drug vault. The DEA lab subsequently confirmed that this substance was in fact cocaine base, with a weight of 51.8 grams.

### b. Second Controlled Cocaine Purchase by CI#1 from Ronald Dalton

On February 2, 2012, TFO Norris met with CI#1 for the purpose of conducting a second controlled purchase of "crack" cocaine from Ronald M. Dalton At approximately 9:00 pm, and in the presence of TFO Norris, CI#1 contacted Dalton on (315) 491-7681 via text message and stated that he/she wanted to meet with Dalton in coded and guarded language for the purpose of purchasing "crack" cocaine. TFO Norris then observed CI#1 receive a reply text message from Ronald Dalton (listed as "Ron" in CI#1's contact list) in coded and guarded language, and in which CI#1 believed from previous drug transactions that Dalton would be able to conduct this

"crack" cocaine transaction. As standard procedure, TFO Norris then searched CI#1 with negative results for any illegal contraband and/or money, issued CI#1 an amount of U.S. currency, and CI#1 drove directly to the meet location. CI#1 was kept under continuous surveillance as CI#1 drove directly to the pre-arranged meet location with Dalton. At approximately 11:56 pm, TFO Jeremy Young observed New York registration FPD6126, registered to Jovana S. Thornton, 109 Oak Drive, North Syracuse, NY, arrive and park at the pre-arranged meet location with CI#1. A white male, identified as Ronald M. Dalton, DOB 01-12-1978, by TFO Young, exited the vehicle, and entered the pre-arranged meet location. At approximately 12:49 am, on February 3, 2012, TFO Jeremy Young observed Dalton exit the pre-arranged meet location with CI#1, enter NY reg. FPD6126, and leave the area. Based on the information received from CI#1, Dalton was not followed and surveillance was terminated. TFO Craig Norris then met with the CI and took custody of a clear plastic knotted sandwich bag containing a beige chunky substance. TFO Craig Norris field tested the beige chunky substance utilizing a NIK swab field test kit with positive results for the presence of cocaine. TFO Norris obtained an aggregate weight of 55.8 grams, and turned the beige chunky substance into the DEA Syracuse Resident Office Drug vault. The DEA lab has subsequently confirmed that the substance is in fact cocaine base, with a weight of 52.7 grams.

### c. Third Controlled Cocaine Purchase by CI#1 from Ronald Dalton

On February 11, 2012, TFO Norris met with CI#1 for the purpose of conducting a controlled purchase of "crack" cocaine from Ronald M. Dalton. At approximately 8:15 pm, and in the presence of TFO Norris, CI#1 contacted Dalton on (315) 491-7681 via text message and

6

stated that he/she wanted to meet with Dalton in coded and guarded language for the purpose of purchasing "crack" cocaine. TFO Norris then observed CI#1 receive a text message from Ronald Dalton (listed as "Ron" in CI#1's contact list) in coded and guarded language, and in which from previous drug transactions he believed Dalton would be able to conduct this "crack" cocaine transaction. As standard procedure, TFO Norris then searched CI#1 with negative results for any illegal contraband and/or money, issued CI#1 an amount of U.S. currency, and CI#1 drove directly to the pre-arranged meet location. CI#1 was kept under continuous surveillance as CI#1 drove directly to the pre-arranged meet location with Dalton. At approximately 1:28 am, on February 12, 2012, TFO Jeremy Young observed New York registration FPD6126, registered to Jovana S. Thornton, 109 Oak Drive, North Syracuse, NY, arrive and park at the pre-arranged meet location with CI#1. A white male, identified by TFO Young (and, subsequently, by CI #1 as well) as Ronald M. Dalton, exited the vehicle, and entered the pre-arranged meet location. At approximately 1:38 am, TFO Jeremy Young observed Dalton exit the pre-arranged meet location with CI#1, enter NY reg. FPD6126, and leave the area. TFO Jeremy Young did not attempt to follow Dalton once he left the pre-arranged meet location, and the surveillance was terminated. TFO Craig Norris then met with CI#1 and took custody of a clear plastic knotted sandwich bag containing a beige chunky substance. TFO Norris field tested the beige chunky substance utilizing a NIK swab field test kit with positive results for the presence of cocaine. TFO Norris obtained an aggregate weight of 55.9 grams, and turned the beige chunky substance into the DEA Syracuse Resident Office Drug vault. The DEA lab subsequently confirmed that the substance is in fact cocaine base, with a weight of 53.4 grams.

## IV.     **CONCLUSION**

Based on the foregoing, and my training, experience, and participation in this and other narcotics investigations, I submit there is probable cause to believe that the above named defendant has committed the crime of distribution of cocaine base (crack) in violation of Title 21, United States Code, Section 841 (a) (1) and (b)(1)(B) (3 counts), and accordingly, it is hereby requested that a complaint and arrest warrant be issued for the defendant.

Further, so as not to compromise the investigation, nor to alert the defendant as to the existence of this warrant and complaint against him, it is requested that the criminal complaint and this affidavit be sealed until further order of this Court.

Respectfully submitted,

Robert C. Wiegand
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before
me this 11th day of June, 2012.

Hon. Andrew T. Baxter
United States Magistrate Judge

8